Jimmy Loyd MEAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 1311–88.

Court of Criminal Appeals of Texas, En Banc.

Nov. 20, 1991.

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Betty Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of capital murder. TEX.PENAL CODE ANN. § 19.03(a)(1). The jury assessed his punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. On direct appeal, ap-

---

**15.** See *Id.*

**16.** See *Renier,* (supra).

pellant argued that the State systematically excluded blacks from the jury which sat in his case. The Court of Appeals affirmed the judgment, holding that, "since Mead is white and his complaint relates to the prosecutor's peremptory challenges of black jurors, we find that he has not presented a prima facie case of a violation of his right to equal protection." *Mead v. State*, 759 S.W.2d 437, at 444 (Tex.App.—Fort Worth, 1988).

We granted appellant's petition on the following ground for review:

"The Court of Appeals erred in holding a white appellant may not avail himself of protection given to a black appellant to have a jury free from impermissible race exclusion through peremptory challenges exercised by the State as guaranteed by the United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This ruling of the Court of Appeals is contrary to the Due Process, Representative Cross Section and Equal Protection Clauses of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, § 10 & 19 of the Texas Constitution."

We will sustain appellant's ground for review.

Prior to the beginning of appellant's trial, he filed a pretrial motion to "Prohibit the State from Using Peremptory Challenges to Strike Members of a Cognizable Racial Group." The trial court denied this motion. The trial court also denied appellant's request for hearings into the State's motives as to why each of the black jurors was struck. When appellant argued to the Court of Appeals that the trial court erred when it permitted the prosecution to exclude blacks from the jury, the Court of Appeals overruled appellant's argument because he was a white appellant complaining of the exclusion of black jurors. *Mead v. State*, 759 S.W.2d, at 444.

When the Court of Appeals wrote and issued its opinion in this cause, it did not have the benefit of the Supreme Court's recent decision in *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Appellant argued in his brief to this Court that *Powers* held that the Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of race regardless of the defendant's or juror's race. In its response to this Court, the State concedes that the Court of Appeals erred and that appellant preserved his *Batson* claim. The State only disputes whether appellant preserved error under the Texas Constitution. We will reverse the decision of the Court of Appeals only on appellant's claim under the Equal Protection Clause of the U.S. Constitution, as supported by *Powers*. U.S. CONST. amend. XIV.

In *Powers*, the Supreme Court held that "the Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race." *Powers*, 111 S.Ct. at 1370. The Supreme Court also held that a defendant in a criminal case has the standing to raise the third-party equal protection claims of jurors who have been excluded because of their race. The Supreme Court stated that the validity of an equal protection claim does not depend on there being racial identity between the defendant and a challenged juror. *Powers*, 111 S.Ct. at 1373–1374. *Powers v. Ohio* controls disposition of the instant case.

Because of *Powers* it was error to hold that the appellant could not make an equal protection claim because he was white and the prospective jurors were black. Since the Court of Appeals did not have the benefit of the Supreme Court's guidance in the *Powers* decision, we must reverse this judgment and remand this cause to the Court of Appeals for further consideration of appellant's equal protection argument in

light of *Powers v. Ohio.* See *Salazar v. State,* 818 S.W.2d 405, 407–408 (Tex.Cr. App.1991).