Frederick Dale **TURNER**

v.

The **STATE** of Texas.

No. 129–92.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1992.

Janet Morrow, Houston, for appellant.

John B. Holems, Jr., Dist. Atty., Winston E. Cochran, Jr., Belinda Hill and Andy Tobias, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of capital murder, with punishment being assessed at life in the penitentiary after the jury answered "no" to the special issue on "future dangerousness." This conviction was affirmed. *Turner v. State*, No. 14–89–00835–CR, 1991 WL 273144 (Tex.App.— Houston [14th], delivered December 12, 1991).

In his second ground for review, appellant argues that the Court of Appeals erred in affirming the trial court's denial of his request for a hearing under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court of Appeals held that since the State did not use eight of its peremptory challenges and an hispanic male served on the jury, "the inherent evil in peremptory challenges, that prosecutors who are inclined to discriminate have an opportunity to do so, is lacking." The court found that the trial court did not abuse its discretion in refusing to conduct a *Batson* hearing. *Turner*, slip op. at 4–5.

At the time the Court of Appeals delivered its opinion in this case it did not have the benefit of our opinion in *Linscomb v. State*, 829 S.W.2d 164 (Tex.Cr.App.1992.) In that case we found that the United State's Constitution is offended by so much as a single strike exercised on the basis of race, *Id.* at 166, and specifically rejected the idea that if members of a recognizable minority are part of the jury, there could not have been any discrimination. *Linscomb*, at 167. Additionally, the Court of Appeals apparently did not have the benefit of our opinion in *Mead v. State*, 819 S.W.2d 869 (Tex.Cr.App.1991),[1] in which we held that under *Powers v. Ohio*, — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), a white defendant could raise an equal protection claim as to the exclusion of minority veniremen.

Accordingly, appellant's petition for discretionary review is summarily granted. The opinion of the Court of Appeals is vacated and this case is remanded to that court for reconsideration of appellant's second point of error in light of this Court's decisions in *Mead* and *Linscomb*, and the United States Supreme Court's opinion in *Powers v. Ohio*. As the order from which appellant sought discretionary review is vacated, we need not address his other grounds for review, and they are dismissed without prejudice.

---

1. It is clear from the record that the trial court did not consider appellant's *Batson* request because he is white and he complained of the State's exclusion of several minority veniremen. The Court of Appeals did not discuss this issue.