RATLIFF V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-222-CR

EDWARD MICHAEL RATLIFF APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE COUNTY COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Edward Michael Ratliff appeals his conviction for the offense of speeding.  After a jury trial in justice court, his punishment was assessed at a $200 fine.  Appellant then appealed his conviction to the county court.  The trial court signed a judgment against Appellant; his punishment was assessed at $200 fine, plus court costs.  In three issues, Appellant argues that the trial court erred by 1) denying his right to counsel, 2) overruling his objection to testimony because certain items of discovery were not provided to him, and 3) denying his motion in limine.

Appellant was charged by complaint and information with the offense of speeding.  He requested a jury trial in the Justice of the Peace Court; a jury found him guilty, and the court assessed a $200 fine.  Appellant appealed to the trial court and filed an appeal bond, which listed William Walsh and Sandra Buffington as sureties.  On March 3, 2004, Appellant appeared at a pretrial hearing and indicated to the court that he wished to represent himself.
(footnote: 2)  All motions and documents that had been filed prior to the hearing listed Appellant as pro se.

Right to Counsel/Right to Self-Representation

In Appellant’s first issue, he complains that he never waived his right to representation by beginning the pretrial hearing pro se and, furthermore, that the trial court hindered his right to representation.
(footnote: 3)  Appellant contends in his brief that he “turned the case over to Walsh,”
(footnote: 4) and that the court “would not allow Walsh to act for his client.”  We disagree and hold that this assertion is not supported by the record.

The Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel.  
U.S. Const
. amend. VI; 
Tex. Const
. art. I, § 10.  This right may be waived, and a defendant may choose to represent himself at trial.  
Faretta v. California
, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 2533 (1975).  However, a waiver of the right to counsel will not be lightly inferred, and the courts will indulge every reasonable presumption against the validity of such a waiver.  
Geeslin v. State
, 600 S.W.2d 309, 313 (Tex. Crim. App. [Panel Op.] 1980).  A waiver of counsel must be made competently, knowingly and intelligently, and voluntarily.  
Collier v. State
, 959 S.W.2d 621, 625-26 (Tex. Crim. App. 1997), 
cert. denied
, 525 U.S. 929 (1998).  The decision to waive counsel and proceed pro se is made knowingly and intelligently if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation.  
Collier
, 959 S.W.2d at 626; 
Blankenship v. State
, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).  The record must be sufficient for a reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of the self-representation.  
Goffney v. State
, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992); 
Johnson v. State
, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).  It should be remembered, however, that an accused’s right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.  
King v. State
, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); 
Wallace v. State
, 618 S.W.2d 67, 70 (Tex. Crim. App. 1981); 
Webb v. State
, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); 
Ellis v. State
, 99 S.W.3d 783, 788 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).

The pretrial hearing began with Appellant representing himself, and at no time did Appellant inform the trial court that he no longer wished to represent himself.  In fact, the trial judge properly warned Appellant about representing himself.  The judge told Appellant,

I guess, Mr. Ratliff, I would advise you at this time that you know the things you’re getting into by representing yourself.  The law tells me that I make every effort I can to talk you out of representing yourself because a lot of times a person can’t represent himself.  I understand you’re going to law school and that you feel that you’re capable of representing yourself, is that correct?

As the hearing proceeded, Walsh addressed the court regarding the discovery motion.  Afterwards, the following exchange occurred:

[STATE]:  Judge, could I have one point of clarification before we proceed?  Mr. Walsh is making an argument for Mr. Ratliff at this point.  I have no objection to Mr. Walsh assisting Mr. Ratliff at the table as he did at the first trial.  It appears that he’s making an argument for him which seems to fall in the category of representing him.  However, you want to do it is fine with me.

THE COURT:  Point well taken.  You can assist him but if he is going to represent himself pro se then he is the one that needs to make an argument. 

[APPELLANT]:  Your Honor, can I have a short moment to confer?

THE COURT:  Yes.

[APPELLANT]:  I’m ready, Your Honor.

THE COURT:  Okay.  You wish to represent yourself?

[APPELLANT]:  Yes, Your Honor. 

Appellant and the State proceeded to make their arguments to the court regarding the pending motions.  After the trial court had ruled on all motions Walsh again addressed the court,

[WALSH]:  Judge, I’m afraid I have a matter for pre-trial.  I am the attorney of record.  I have not done a motion to withdraw.  I have not had notice to withdraw.  As far as I know, I am here today because I’m still in the case.  I have not talked to Mr. Ratliff, I have not talked to Mr. McNew.  I’m still in the case as far as I know.

THE COURT:  Okay.

[WALSH]:  For my own reasons then I would like the opportunity for a continuance to confer with Mr. Ratliff about does he or does not want counsel to carry on with this trial and I would like to reiterate to Mr.-- let me just say that I would like time to talk to him about is he or is he not going to use me and for me to look at the discovery package.  If in fact he is going to use me, then I would like time to prepare.

THE COURT:  I have on the record this morning that Mr. Ratliff does not wish to use you.  He wishes to represent himself.  I asked him distinctly and told him it is my duty to talk him out of it and he said he wants to represent himself so on the record here, he is the attorney of record at this time.

.  .  .  . 

[STATE]:  Judge, since this case was appealed, every pleading has been filed by Mr. Ratliff, pro se.  Mr. Ratliff, on the facts at some point I believe at the status hearing and I’ll find the document, came into my office and signed a waiver indicating he did not have an attorney and I discussed potential disposition with him.  I have received no notice of Mr. Walsh’s representation of possible representation.  The case has been set twice on the jury docket.  It has been continued once.  Your Honor, it just seems like ample time for Mr. Ratliff and Mr. Walsh to work out their attorney-client relationship has passed.

[WALSH]:  This Court has given me notice of this hearing.  This Court knew I was in.

THE COURT:  The Court did not give you notice of this particular hearing.  The Court has sent notices to you each time because you are the bondsman and that’s why we sent you notice.  You are the bondsman here.

.  .  .  . 

[WALSH]:  I think he has right to an attorney before trial even if it’s the last second.  If he wants to hire someone, you have admonished him this morning not to go ahead without an attorney and here I am.

THE COURT:  I’ll ask him if he wants to represent him and it’s on the record.

[WALSH]:  Well, we’re still on the record and here he is now and you can ask him the same question.

THE COURT:  I have already made my rulings and everything, that we’re going to start the trial here at nine-thirty.

[WALSH]:  Does the Court have any objections to me handling the hearing at nine-thirty?

THE COURT:  If Mr. Ratliff will talk between now and nine-thirty, which is just a few seconds, or a few minutes here, and he wants to hire you, that’s fine.

Thereafter, court was adjourned.  Before the trial began the State inquired for clarification purposes if Walsh would be representing Appellant. The court stated, “What the Court said was that if Mr. Ratliff wishes to hire Mr. Walsh, that they can come back in and Mr. Walsh is not here, so I take it that Mr. Ratliff does not wish to hire Mr. Walsh.”  Appellant responded, “Mr. Walsh felt that without adequate preparation that he could not adequately represent me and it was his understanding that the matter had already been ruled and settled, that he had no opportunities.”

It is clear from the record that Appellant intended to represent himself irrespective of the trial court’s admonishments.  During the pretrial hearing Appellant stated that he wished to proceed pro se and that he wished to do so even after the court advised him that it was not in his best interest.  Appellant argued his motions to the trial court, and the trial court then made its rulings.  It was at this point that Walsh addressed the court regarding representing Appellant during the trial, which was to begin at 9:30.  The record clearly reflects that at no time did the trial court in any way prevent or hinder Appellant from having Walsh represent him.  In fact, the trial court stated that while the court was recessed, if Appellant wanted to hire Walsh to represent him, “that’s fine.”  The trial court stated that during the break Appellant and Walsh could discuss whether Appellant wished to hire Walsh to represent him during the trial phase.  When the trial commenced, Walsh did not appear before the court.  Therefore, the court concluded that Appellant did not want Walsh to represent him and that he was still representing himself.  Based on these facts, we hold Appellant knowingly, intelligently, and voluntarily waived his right to counsel and instead chose to represent himself.  We overrule Appellant’s first issue.

Discovery

Liberally construing Appellant’s brief,
(footnote: 5) he argues in issues two and three that the trial court violated his due process rights by denying his supplemental discovery motion, erred by denying his motion in limine, and abused its discretion by allowing the State to introduce evidence on which he requested, but was denied, discovery relating to the 
Kelly/Daubert
 factors.
(footnote: 6)
 There is no general right to discovery in a criminal case under either the federal or Texas constitutions.  
State v. Stephens
, 724 S.W.2d 141, 143 (Tex. App.—Dallas 1987, orig. proceeding).  A criminal defendant’s right to discovery under the United States Constitution is limited to exculpatory or mitigating evidence in the State’s possession, custody, or control.  
Brady v. Maryland, 
373 U.S. 83, 87, 83 S. Ct. 1194, 1197 (1963); 
Kinnamon v. State
, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990), 
overruled on other grounds, Cook v. State
, 884 S.W.2d 485 (Tex. Crim. App. 1994); 
Whitchurch v. State
, 650 S.W.2d 422, 425 (Tex. Crim. App. 1983); 
In re State
, 116 S.W.3d 376, 381 (Tex. App.—El Paso 2003, no pet.).

The holding in 
Brady v. Maryland
 requires disclosure only of evidence that is both favorable to the accused and material either to guilt or punishment.  373 U.S. at 87.  To invoke 
Brady
, the accused must present evidence that 1) the prosecution suppressed or withheld evidence, 2) this evidence would have been favorable to the accused, and 3) this evidence would have been material to the accused’s defense.  
Moore v. Illinois
, 408 U.S. 786, 794-95, 92 S. Ct. 2562, 2568 (1972); 
Mullen v. State
, 722 S.W.2d 808, 815 (Tex. App.—Houston [14th Dist.] 1987, no pet.). 

Criminal defendants are entitled to limited discovery under Article 39.14 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann. 
art. 39.14 (Vernon 2005); 
Kinnamon
, 791 S.W.2d at 91.  Decisions involving pretrial discovery of evidence which is not exculpatory, mitigating, or privileged are within the discretion of the trial court.  
Kinnamon
, 791 S.W.2d at 91; 
State v. Williams
, 846 S.W.2d 408, 410 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d). Article 39.14 requires the defendant to show good cause, materiality, and possession of the discoverable item by the State.  
Tex. Code Crim. Proc. Ann. 
art. 39.14.  The statute does not give the defendant a general right to discovery.  
Stephens
, 724 S.W.2d at 144.  It merely provides that judges may order the State to allow discovery of tangible objects that are not privileged. 
 Id
.

The trial court is required to permit discovery only if the evidence sought is material to the accused’s defense.  
Quinones v. State
, 592 S.W.2d 933, 941 (Tex. Crim. App.), 
cert. denied
, 449 U.S. 893 (1980).  To determine materiality, we must evaluate the undisclosed evidence in the context of the entire record.  
Mead v. State
, 759 S.W.2d 437, 441 (Tex. App.—Fort Worth 1988), 
rev’d on other grounds
, 819 S.W.2d 869 (Tex. Crim. App. 1991).  The undisclosed evidence is material if it creates a reasonable doubt that did not otherwise exist. 
 Id
.  However, the mere possibility that an item of undisclosed information may have helped the defense or affected the outcome of the trial is insufficient to establish materiality.  
Id
.  Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  
United States v. Bagley
, 473 U.S. 667, 674, 105 S. Ct. 3375, 3379 (1985).

In the present case, Appellant relies on 
Brady 
in arguing that he is entitled to the additional items of discovery contained in his supplemental motion for discovery, and that these items are considered exculpatory material.  On the morning of the trial, Appellant argued his supplemental motion for discovery regarding additional information that he felt he needed for trial.  Appellant did not mention any specific items he was requesting to the trial court, but his supplemental motion sought 1) training manuals regarding radar unit operations, 2) all repair orders regarding the radar unit or its antennas, 3) the year and vehicle identification number of the patrol unit and calibration records of the speedometer, 4) repair orders or dealer work orders indicating the retro fit recommended by the manufacturer, 5) the calibration interval used by the operator, 6) the certificate showing completion of the radar training course, and 7) calibration records for any speed detection equipment used by any state agent in regards to this case indicating traceability to a known standard or calibration certificate from the manufacturer for each of the two tuning forks and serial numbers of the tuning forks or calibration devices.  The State explained to the court that it had voluntarily provided what had been requested in Appellant’s original motion for discovery.  Additionally, the prosecutor told the trial court that in his correspondence with Appellant, he informed Appellant to call him if he needed additional information and that he would work with him on discovery issues.  According to the prosecutor, Appellant did not contact him regarding any additional discovery items until February 23, 2004, when Appellant filed a supplemental motion for discovery seeking additional items.  The prosecutor stated that at this point, his position was that Appellant could set the supplemental motion for a hearing and have the matter heard before the court.  Then, on March 1, 2004, Appellant filed a second motion for continuance,
(footnote: 7) which alleged that the State had failed to provide the requested discovery.
(footnote: 8)  The certificate of conference states that an attempt of service was made on more than one occasion with State’s counsel, but was unsuccessful.  The trial court orally denied Appellant’s supplemental motion for discovery and stated that the motion was “untimely” and that there was not “good cause” for the additional discovery.

The record reflects that Appellant acknowledged that he had been given access by the State to the DPS radar equipment manual in his first motion for discovery and that he had the opportunity to inspect and review the manual. Moreover, the record reveals that the State was accommodating to Appellant regarding the other information and documents he requested in his first motion. 

We have examined the record before us and conclude that Appellant has not shown that the additional items he requested in his supplemental motion for discovery contain evidence which would create a reasonable doubt that did not otherwise exist; thus, Appellant has not shown that the evidence is material under either the state or federal standards.  
See United States v. Agurs
, 427 U.S. 97, 108-10, 96 S. Ct. 2392, 2399-2401 (1976); 
Mead
, 759 S.W.2d at 441. Additionally, from the record before us, Appellant has not demonstrated that he met his burden of proof under article 39.14 to show good cause, materiality, and possession of the additional items by the State.  Accordingly, we hold that the trial court did not abuse its discretion by denying Appellant’s supplemental motion for discovery because Appellant did not show that the items were exculpatory, mitigating, or material.  Appellant’s second issue is overruled. 

Appellant further complains that the trial court should have granted his motion in limine seeking to prevent the State from introducing the radar reading into evidence because he was denied the discovery he sought as to the reliability of the radar.  The denial of a motion in limine is not sufficient to preserve error for review; there must be a proper objection at trial to the proffered evidence.  
Tex. R. App. P
. 33.1(a); 
McDuff v. State
, 939 S.W.2d 607, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997); 
Graham v. State
, 3 S.W.3d 272, 276 (Tex. App.—Fort Worth 1999, pet. ref’d).  
An objection preserves only the specific ground cited.  
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert
. 
denied
, 526 U.S. 1070 (1999); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
see also Fierro v. State
, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (holding that a general objection is insufficient to apprise trial court of complaint urged and thus preserves nothing for review), 
cert. denied
, 521 U.S. 1122 (1997).  
If it is apparent from the record that the trial court understood the objection and its grounds, error is preserved. 
 Dixon v. State
, 928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996).  Whether the specific grounds for the objection were apparent from the context of the objection is determined by looking at each situation individually as it arises.  
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004).

Here, the record reflects two objections made by Appellant regarding the officer’s testimony about the radar equipment.  The first simply stated, “Objection, Your Honor,” and the second stated, “The defendant has not been accorded discovery rights under Article 39.14 of the Texas Code of Criminal Procedure, Article 1, 3, 10, 13, 19 of the Constitution of the State of Texas and the Fifth, Sixth, Eighth and Fourteenth Amendment of the Constitution of the United States.”  Appellant’s first objection was not specific enough, standing alone or in context, to inform the court why Appellant was objecting.  
See Fierro
, 706 S.W.2d at 317.  Regarding his second objection, an objection citing several statutory and constitutional references without placing that argument in the context of the proffered evidence does not preserve the issue for appeal. 
 See Webb v. State
, 899 S.W.2d 814, 817-18 (Tex. App.—Waco 1995, pet. ref’d).  The objection was in response to a question regarding whether the radar display was consistent with the officer’s visual estimate of the vehicle’s speed.  Although Appellant states that he was not accorded discovery rights, he makes no mention at trial that the radar evidence was unreliable under 
Kelly, 
or, withheld in violation of 
Brady 
which he argues in his brief.  Therefore, Appellant did not preserve error because he did not object on those grounds at trial.  
Tex. R. App. P
. 33.1(a); 
Mosley v. State
, 983 S.W.2d at 265.  Furthermore, we held in issue two that Appellant was not entitled to the additional items requested in his supplemental motion for discovery because he did not show they were exculpatory, mitigating, or material, and that the trial court did not abuse its discretion by denying his motion.  Appellant’s third issue is overruled.

Having overruled all of Appellant’s issues on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, AND WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The record reflects that at the time of this trial Appellant was attending  law school.

3:
Appellant made no claim of indigence at trial, and he did not request for counsel to be appointed. Moreover, we recognize that since a class C misdemeanor is only punishable by fine, even if indigent, Appellant would not be entitled to the appointment of counsel.  
See
Tex. Code Crim. Proc. Ann
. arts. 1.051(c) (Vernon 2005), 26.04(a) (Vernon Supp. 2004-05); 
Scott v. Illinois
, 440 U.S. 367, 373-74 , 99 S. Ct. 1158, 1162 (1979); 
Disheroon v. State
, 687 S.W.2d 332, 333-34 (Tex. Crim. App. 1985); 
Bush v. State
, 80 S.W.3d 199, 199 (Tex. App.—Waco 2002, no pet.).

4:
It appears from the record that Walsh is an attorney who assisted, without representing, Appellant at the trial in the justice court.

5:
See
 
Tex. R. App. P
. 38.9. 

6:
Daubert v. Merrell Dow Pharms., Inc.
, 509 U.S. 579, 113 S. Ct. 2786 (1993); 
Kelly v. State
, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992).

7:
Appellant had previously filed a motion for continuance on July 16, 2003, which the trial court granted.

8:
Although Appellant alleged that the State did not provide the additional items requested, no hearing on the supplemental motion for discovery had occurred at that time and the court had not ordered the State to provide any of the requested additional items to Appellant.