COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-222-CR
 
  
EDWARD 
MICHAEL RATLIFF                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE COUNTY COURT OF MONTAGUE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Edward Michael Ratliff appeals his conviction for the offense of speeding.  
After a jury trial in justice court, his punishment was assessed at a $200 
fine.  Appellant then appealed his conviction to the county court.  
The trial court signed a judgment against Appellant; his punishment was assessed 
at $200 fine, plus court costs.  In three issues, Appellant argues that the 
trial court erred by 1) denying his right to counsel, 2) overruling his 
objection to testimony because certain items of discovery were not provided to 
him, and 3) denying his motion in limine.
        Appellant 
was charged by complaint and information with the offense of speeding.  He 
requested a jury trial in the Justice of the Peace Court; a jury found him 
guilty, and the court assessed a $200 fine.  Appellant appealed to the 
trial court and filed an appeal bond, which listed William Walsh and Sandra 
Buffington as sureties.  On March 3, 2004, Appellant appeared at a pretrial 
hearing and indicated to the court that he wished to represent himself.[2]  All motions and documents that had been filed prior 
to the hearing listed Appellant as pro se.
Right to 
Counsel/Right to Self-Representation
        In 
Appellant’s first issue, he complains that he never waived his right to 
representation by beginning the pretrial hearing pro se and, furthermore, that 
the trial court hindered his right to representation.[3]  
Appellant contends in his brief that he “turned the case over to Walsh,”[4] and that the court “would not allow Walsh to act for his 
client.”  We disagree and hold that this assertion is not supported by 
the record.
        The 
Sixth Amendment to the United States Constitution and Article 1, Section 10 of 
the Texas Constitution provide that a defendant in a criminal trial has the 
right to assistance of counsel.  U.S. 
Const. amend. VI; Tex. Const. 
art. I, § 10.  This right may be waived, and a defendant may choose to 
represent himself at trial.  Faretta v. California, 422 U.S. 806, 
819-20, 95 S. Ct. 2525, 2533 (1975).  However, a waiver of the right to 
counsel will not be lightly inferred, and the courts will indulge every 
reasonable presumption against the validity of such a waiver.  Geeslin 
v. State, 600 S.W.2d 309, 313 (Tex. Crim. App. [Panel Op.] 1980).  A 
waiver of counsel must be made competently, knowingly and intelligently, and 
voluntarily.  Collier v. State, 959 S.W.2d 621, 625-26 (Tex. Crim. 
App. 1997), cert. denied, 525 U.S. 929 (1998).  The decision to 
waive counsel and proceed pro se is made knowingly and intelligently if it is 
made with a full understanding of the right to counsel, which is being 
abandoned, as well as the dangers and disadvantages of 
self-representation.  Collier, 959 S.W.2d at 626; Blankenship v. 
State, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).  The record must be 
sufficient for a reviewing court to make an assessment that the defendant was 
made aware of the dangers and disadvantages of the self-representation.  Goffney 
v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992); Johnson v. State, 
760 S.W.2d 277, 279 (Tex. Crim. App. 1988).  It should be remembered, 
however, that an accused’s right to represent himself or select his own 
counsel cannot be manipulated so as to obstruct the orderly procedure in the 
courts or to interfere with the fair administration of justice.  King v. 
State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); Wallace v. State, 
618 S.W.2d 67, 70 (Tex. Crim. App. 1981); Webb v. State, 533 S.W.2d 780, 
784 (Tex. Crim. App. 1976); Ellis v. State, 99 S.W.3d 783, 788 (Tex. 
App.—Houston [1st Dist.] 2003, pet. ref’d).
        The 
pretrial hearing began with Appellant representing himself, and at no time did 
Appellant inform the trial court that he no longer wished to represent 
himself.  In fact, the trial judge properly warned Appellant about 
representing himself.  The judge told Appellant,
   
I guess, Mr. Ratliff, I would advise you at this time that you know the things 
you’re getting into by representing yourself.  The law tells me that I 
make every effort I can to talk you out of representing yourself because a lot 
of times a person can’t represent himself.  I understand you’re going 
to law school and that you feel that you’re capable of representing yourself, 
is that correct?
  
As 
the hearing proceeded, Walsh addressed the court regarding the discovery 
motion.  Afterwards, the following exchange occurred:
  
[STATE]: Judge, could I have one point of clarification before we proceed?  
Mr. Walsh is making an argument for Mr. Ratliff at this point.  I have no 
objection to Mr. Walsh assisting Mr. Ratliff at the table as he did at the first 
trial.  It appears that he’s making an argument for him which seems to 
fall in the category of representing him.  However, you want to do it is 
fine with me.
  
THE 
COURT: Point well taken.  You can assist him but if he is going to 
represent himself pro se then he is the one that needs to make an argument.
  
[APPELLANT]: 
Your Honor, can I have a short moment to confer?
  
THE 
COURT: Yes.
  
[APPELLANT]: 
I’m ready, Your Honor.
  
THE 
COURT: Okay.  You wish to represent yourself?
  
[APPELLANT]: 
Yes, Your Honor.
 
 
        Appellant 
and the State proceeded to make their arguments to the court regarding the 
pending motions.  After the trial court had ruled on all motions Walsh 
again addressed the court,
  
[WALSH]: Judge, I’m afraid I have a matter for pre-trial.  I am the 
attorney of record.  I have not done a motion to withdraw.  I have not 
had notice to withdraw.  As far as I know, I am here today because I’m 
still in the case.  I have not talked to Mr. Ratliff, I have not talked to 
Mr. McNew.  I’m still in the case as far as I know.
  
THE 
COURT: Okay.
  
[WALSH]: 
For my own reasons then I would like the opportunity for a continuance to confer 
with Mr. Ratliff about does he or does not want counsel to carry on with this 
trial and I would like to reiterate to Mr.-- let me just say that I would like 
time to talk to him about is he or is he not going to use me and for me to look 
at the discovery package.  If in fact he is going to use me, then I would 
like time to prepare.
  
THE 
COURT: I have on the record this morning that Mr. Ratliff does not wish to use 
you.  He wishes to represent himself.  I asked him distinctly and told 
him it is my duty to talk him out of it and he said he wants to represent 
himself so on the record here, he is the attorney of record at this time.
. 
. . .
  
[STATE]: 
Judge, since this case was appealed, every pleading has been filed by Mr. 
Ratliff, pro se.  Mr. Ratliff, on the facts at some point I believe at the 
status hearing and I’ll find the document, came into my office and signed a 
waiver indicating he did not have an attorney and I discussed potential 
disposition with him.  I have received no notice of Mr. Walsh’s 
representation of possible representation.  The case has been set twice on 
the jury docket. It has been continued once.  Your Honor, it just seems 
like ample time for Mr. Ratliff and Mr. Walsh to work out their attorney-client 
relationship has passed.
  
[WALSH]: 
This Court has given me notice of this hearing.  This Court knew I was in.
 
THE 
COURT: The Court did not give you notice of this particular hearing.  The 
Court has sent notices to you each time because you are the bondsman and 
that’s why we sent you notice.  You are the bondsman here.
. 
. . .
 
[WALSH]: 
I think he has right to an attorney before trial even if it’s the last 
second.  If he wants to hire someone, you have admonished him this morning 
not to go ahead without an attorney and here I am.
 
THE 
COURT: I’ll ask him if he wants to represent him and it’s on the record.
 
[WALSH]: 
Well, we’re still on the record and here he is now and you can ask him the 
same question.
 
THE 
COURT: I have already made my rulings and everything, that we’re going to 
start the trial here at nine-thirty.
 
[WALSH]: 
Does the Court have any objections to me handling the hearing at nine-thirty?
 
THE 
COURT: If Mr. Ratliff will talk between now and nine-thirty, which is just a few 
seconds, or a few minutes here, and he wants to hire you, that’s fine.
 
 
        Thereafter, 
court was adjourned.  Before the trial began the State inquired for 
clarification purposes if Walsh would be representing Appellant.  The court 
stated, “What the Court said was that if Mr. Ratliff wishes to hire Mr. Walsh, 
that they can come back in and Mr. Walsh is not here, so I take it that Mr. 
Ratliff does not wish to hire Mr. Walsh.”  Appellant responded, “Mr. 
Walsh felt that without adequate preparation that he could not adequately 
represent me and it was his understanding that the matter had already been ruled 
and settled, that he had no opportunities.”
        It 
is clear from the record that Appellant intended to represent himself 
irrespective of the trial court’s admonishments.  During the pretrial 
hearing Appellant stated that he wished to proceed pro se and that he wished to 
do so even after the court advised him that it was not in his best 
interest.  Appellant argued his motions to the trial court, and the trial 
court then made its rulings.  It was at this point that Walsh addressed the 
court regarding representing Appellant during the trial, which was to begin at 
9:30.  The record clearly reflects that at no time did the trial court in 
any way prevent or hinder Appellant from having Walsh represent him.  In 
fact, the trial court stated that while the court was recessed, if Appellant 
wanted to hire Walsh to represent him, “that’s fine.”  The trial 
court stated that during the break Appellant and Walsh could discuss whether 
Appellant wished to hire Walsh to represent him during the trial phase.  
When the trial commenced, Walsh did not appear before the court.  
Therefore, the court concluded that Appellant did not want Walsh to represent 
him and that he was still representing himself.  Based on these facts, we 
hold Appellant knowingly, intelligently, and voluntarily waived his right to 
counsel and instead chose to represent himself.  We overrule Appellant’s 
first issue.
Discovery
        Liberally 
construing Appellant’s brief,[5] he argues in issues 
two and three that the trial court violated his due process rights by denying 
his supplemental discovery motion, erred by denying his motion in limine, and 
abused its discretion by allowing the State to introduce evidence on which he 
requested, but was denied, discovery relating to the Kelly/Daubert 
factors.[6]
        There 
is no general right to discovery in a criminal case under either the federal or 
Texas constitutions.  State v. Stephens, 724 S.W.2d 141, 143 (Tex. 
App.—Dallas 1987, orig. proceeding).  A criminal defendant’s right to 
discovery under the United States Constitution is limited to exculpatory or 
mitigating evidence in the State’s possession, custody, or control.  Brady 
v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1197 (1963); Kinnamon v. 
State, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990), overruled on other 
grounds, Cook v. State, 884 S.W.2d 485 (Tex. Crim. App. 1994); Whitchurch 
v. State, 650 S.W.2d 422, 425 (Tex. Crim. App. 1983); In re State, 
116 S.W.3d 376, 381 (Tex. App.—El Paso 2003, no pet.).
        The 
holding in Brady v. Maryland requires disclosure only of evidence that is 
both favorable to the accused and material either to guilt or punishment.  
373 U.S. at 87.  To invoke Brady, the accused must present evidence 
that 1) the prosecution suppressed or withheld evidence, 2) this evidence would 
have been favorable to the accused, and 3) this evidence would have been 
material to the accused’s defense.  Moore v. Illinois, 408 U.S. 
786, 794-95, 92 S. Ct. 2562, 2568 (1972); Mullen v. State, 722 S.W.2d 
808, 815 (Tex. App.—Houston [14th Dist.] 1987, no pet.).
        Criminal 
defendants are entitled to limited discovery under Article 39.14 of the Texas 
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 39.14 
(Vernon 2005); Kinnamon, 791 S.W.2d at 91.  Decisions involving 
pretrial discovery of evidence which is not exculpatory, mitigating, or 
privileged are within the discretion of the trial court.  Kinnamon, 
791 S.W.2d at 91; State v. Williams, 846 S.W.2d 408, 410 (Tex. 
App.—Houston [14th Dist.] 1992, pet. ref’d).  Article 39.14 requires 
the defendant to show good cause, materiality, and possession of the 
discoverable item by the State.  Tex. 
Code Crim. Proc. Ann. art. 39.14.  The statute does not give the 
defendant a general right to discovery.  Stephens, 724 S.W.2d at 
144.  It merely provides that judges may order the State to allow discovery 
of tangible objects that are not privileged.  Id.
        The 
trial court is required to permit discovery only if the evidence sought is 
material to the accused’s defense.  Quinones v. State, 592 S.W.2d 
933, 941 (Tex. Crim. App.), cert. denied, 449 U.S. 893 (1980).  To 
determine materiality, we must evaluate the undisclosed evidence in the context 
of the entire record.  Mead v. State, 759 S.W.2d 437, 441 (Tex. 
App.—Fort Worth 1988), rev’d on other grounds, 819 S.W.2d 869 (Tex. 
Crim. App. 1991).  The undisclosed evidence is material if it creates a 
reasonable doubt that did not otherwise exist.  Id.  However, 
the mere possibility that an item of undisclosed information may have helped the 
defense or affected the outcome of the trial is insufficient to establish 
materiality.  Id.  Evidence is material only if there is a 
reasonable probability that, had the evidence been disclosed to the defense, the 
result of the proceeding would have been different.  United States v. 
Bagley, 473 U.S. 667, 674, 105 S. Ct. 3375, 3379 (1985).
        In 
the present case, Appellant relies on Brady in arguing that he is 
entitled to the additional items of discovery contained in his supplemental 
motion for discovery, and that these items are considered exculpatory 
material.  On the morning of the trial, Appellant argued his supplemental 
motion for discovery regarding additional information that he felt he needed for 
trial.  Appellant did not mention any specific items he was requesting to 
the trial court, but his supplemental motion sought 1) training manuals 
regarding radar unit operations, 2) all repair orders regarding the radar unit 
or its antennas, 3) the year and vehicle identification number of the patrol 
unit and calibration records of the speedometer, 4) repair orders or dealer work 
orders indicating the retro fit recommended by the manufacturer, 5) the 
calibration interval used by the operator, 6) the certificate showing completion 
of the radar training course, and 7) calibration records for any speed detection 
equipment used by any state agent in regards to this case indicating 
traceability to a known standard or calibration certificate from the 
manufacturer for each of the two tuning forks and serial numbers of the tuning 
forks or calibration devices.  The State explained to the court that it had 
voluntarily provided what had been requested in Appellant’s original motion 
for discovery.  Additionally, the prosecutor told the trial court that in 
his correspondence with Appellant, he informed Appellant to call him if he 
needed additional information and that he would work with him on discovery 
issues.  According to the prosecutor, Appellant did not contact him 
regarding any additional discovery items until February 23, 2004, when Appellant 
filed a supplemental motion for discovery seeking additional items.  The 
prosecutor stated that at this point, his position was that Appellant could set 
the supplemental motion for a hearing and have the matter heard before the 
court.  Then, on March 1, 2004, Appellant filed a second motion for 
continuance,[7] which alleged that the State had 
failed to provide the requested discovery.[8]  
The certificate of conference states that an attempt of service was made on more 
than one occasion with State’s counsel, but was unsuccessful.  The trial 
court orally denied Appellant’s supplemental motion for discovery and stated 
that the motion was “untimely” and that there was not “good cause” for 
the additional discovery.
        The 
record reflects that Appellant acknowledged that he had been given access by the 
State to the DPS radar equipment manual in his first motion for discovery and 
that he had the opportunity to inspect and review the manual.  Moreover, 
the record reveals that the State was accommodating to Appellant regarding the 
other information and documents he requested in his first motion.
        We 
have examined the record before us and conclude that Appellant has not shown 
that the additional items he requested in his supplemental motion for discovery 
contain evidence which would create a reasonable doubt that did not otherwise 
exist; thus, Appellant has not shown that the evidence is material under either 
the state or federal standards.  See United States v. Agurs, 427 
U.S. 97, 108-10, 96 S. Ct. 2392, 2399-2401 (1976); Mead, 759 S.W.2d at 
441.  Additionally, from the record before us, Appellant has not 
demonstrated that he met his burden of proof under article 39.14 to show good 
cause, materiality, and possession of the additional items by the State.  
Accordingly, we hold that the trial court did not abuse its discretion by 
denying Appellant’s supplemental motion for discovery because Appellant did 
not show that the items were exculpatory, mitigating, or material.  
Appellant’s second issue is overruled.
        Appellant 
further complains that the trial court should have granted his motion in limine 
seeking to prevent the State from introducing the radar reading into evidence 
because he was denied the discovery he sought as to the reliability of the 
radar.  The denial of a motion in limine is not sufficient to preserve 
error for review; there must be a proper objection at trial to the proffered 
evidence.  Tex. R. App. P. 
33.1(a); McDuff v. State, 939 S.W.2d 607, 618 (Tex. Crim. App.), cert. 
denied, 522 U.S. 844 (1997); Graham v. State, 3 S.W.3d 272, 276 (Tex. 
App.—Fort Worth 1999, pet. ref’d).  An objection preserves only the 
specific ground cited. Tex. R. App. P. 
33.1(a)(1)(A); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 
1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999); Bell 
v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 
U.S. 827 (1997); see also Fierro v. State, 706 S.W.2d 310, 317-18 (Tex. 
Crim. App. 1986) (holding that a general objection is insufficient to apprise 
trial court of complaint urged and thus preserves nothing for review), cert. 
denied, 521 U.S. 1122 (1997). If it 
is apparent from the record that the trial court understood the objection and 
its grounds, error is preserved. Dixon v. State, 928 S.W.2d 564, 564-65 
(Tex. Crim. App. 1996). 
Whether the specific grounds for the objection were apparent from the context of 
the objection is determined by looking at each situation individually as it 
arises.  Heidelberg v. State, 144 S.W.3d 535, 538 (Tex. Crim. App. 
2004).
        Here, 
the record reflects two objections made by Appellant regarding the officer’s 
testimony about the radar equipment.  The first simply stated, 
“Objection, Your Honor,” and the second stated, “The defendant has not 
been accorded discovery rights under Article 39.14 of the Texas Code of Criminal 
Procedure, Article 1, 3, 10, 13, 19 of the Constitution of the State of Texas 
and the Fifth, Sixth, Eighth and Fourteenth Amendment of the Constitution of the 
United States.”  Appellant’s first objection was not specific enough, 
standing alone or in context, to inform the court why Appellant was 
objecting.  See Fierro, 706 S.W.2d at 317.  Regarding his 
second objection, an objection citing several statutory and constitutional 
references without placing that argument in the context of the proffered 
evidence does not preserve the issue for appeal.  See Webb v. State, 
899 S.W.2d 814, 817-18 (Tex. App.—Waco 1995, pet. ref’d).  The 
objection was in response to a question regarding whether the radar display was 
consistent with the officer’s visual estimate of the vehicle’s speed.  
Although Appellant states that he was not accorded discovery rights, he makes no 
mention at trial that the radar evidence was unreliable under Kelly, or, 
withheld in violation of Brady which he argues in his brief.  
Therefore, Appellant did not preserve error because he did not object on those 
grounds at trial.  Tex. R. App. P. 
33.1(a); Mosley v. State, 983 S.W.2d at 265.  Furthermore, we held 
in issue two that Appellant was not entitled to the additional items requested 
in his supplemental motion for discovery because he did not show they were 
exculpatory, mitigating, or material, and that the trial court did not abuse its 
discretion by denying his motion.  Appellant’s third issue is overruled.
        Having 
overruled all of Appellant’s issues on appeal, we affirm the trial court’s 
judgment.
  
  
                                                                  PER 
CURIAM
 
 
PANEL 
F: HOLMAN, GARDNER, AND WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The record reflects that at the time of this trial Appellant was attending law 
school.
3.  
Appellant made no claim of indigence at trial, and he did not request for 
counsel to be appointed.  Moreover, we recognize that since a class C 
misdemeanor is only punishable by fine, even if indigent, Appellant would not be 
entitled to the appointment of counsel.  See Tex. Code Crim. Proc. Ann. arts. 
1.051(c) (Vernon 2005), 26.04(a) (Vernon Supp. 2004-05); Scott v. Illinois, 
440 U.S. 367, 373-74 , 99 S. Ct. 1158, 1162 (1979); Disheroon v. State, 
687 S.W.2d 332, 333-34 (Tex. Crim. App. 1985); Bush v. State, 80 S.W.3d 
199, 199 (Tex. App.—Waco 2002, no pet.).
4.  
It appears from the record that Walsh is an attorney who assisted, without 
representing, Appellant at the trial in the justice court.
5.  
See Tex. R. App. P. 38.9.
6.  
Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786 
(1993); Kelly v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992).
7.  
Appellant had previously filed a motion for continuance on July 16, 2003, which 
the trial court granted.
8.  
Although Appellant alleged that the State did not provide the additional items 
requested, no hearing on the supplemental motion for discovery had occurred at 
that time and the court had not ordered the State to provide any of the 
requested additional items to Appellant.