Gregory Lee JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00318–CR.

Court of Appeals of Texas, Dallas.

Jan. 23, 1986.

Rehearing Denied Feb. 25, 1986.

Stanely I. Weinberg, Douglas W. Skemp, Dallas, for appellant.

John Nation, Dallas, for appellee.

Before VANCE, MALONEY and McCLUNG, JJ.

VANCE, Justice.

Gregory Lee Johnson appeals from a jury trial conviction for desecration of a venerated object. During the Republican National Convention, Johnson set fire to a United States flag in front of Dallas City Hall, during the course of an anti-Reagan rally. The jury assessed punishment at one year's confinement in county jail and a $2,000.00 fine.

In fourteen grounds of error, Johnson contends that: (1–8) Section 42.09 of the Texas Penal Code violates the First Amendment to the United States Constitution, Article I, Sec. 8 of the Texas Constitution, and Article 1.16 of the Texas Code of Criminal Procedure as an unconstitutional restraint on Johnson's right to free speech; (9) the trial court erred in instructing the jury on the law of parties; (10–11) the trial court erred in admitting into evidence a videotape depicting extraneous conduct of other persons and in refusing to grant a limiting instruction on it; (12) the trial court erred during the punishment stage in admitting, over objection, evidence of Johnson's prior convictions which were never disclosed to Johnson in violation of the trial court's disclosure order; (13) the trial court erred by overruling Johnson's objection to the prosecutor's jury argument during punishment; and (14) the trial court erred in overruling Johnson's objection to the prosecutor's closing argument. Because we find no error, we affirm the judgment of the trial court.

In grounds of error one through eight, Johnson contends that the application of section 42.09 of the Texas Penal Code is unconstitutionally vague, unconstitutionally overbroad, and violative of his first amendment rights. The statute provides:

(a) A person commits an offense if he intentionally or knowingly desecrates:

(1) a public monument;

(2) a place of worship or burial; or

(3) a state or national flag.

(b) For purposes of this section, "desecrate" means deface, damage, or otherwise physically mistreat in a way that the actor knows will seriously offend one or more persons likely to observe or discover his action.

(c) An offense under this section is a Class A misdemeanor.

■■■ Johnson claims that the statute is unconstitutionally vague because "desecration" depends upon the sensibilities of persons likely to observe the action. A statute that either forbids or requires the doing of an act in terms so vague that people of common intelligence must guess as to its meaning and differ as to its application lacks the first essentials of due process. *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979). However, due process merely requires that the law give sufficient warning so that people may conduct themselves so as to avoid that which is forbidden. *McCarty v. State*, 616 S.W.2d 194, 196 (Tex.Crim.App.1981). Due process does not demand that the words used in a statute be specially defined. Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Floyd v. State*, 575 S.W.2d 21, 23 (Tex.Crim.App. 1978). Here, the relevant terms of the offense, "deface," "damage," and "physically mistreat" are all well understood terms. The act of burning the United States flag would clearly constitute desecration under the statute.

■■■ Johnson also contends that the statute is unconstitutionally overbroad. A statute is overbroad when it prohibits both activity which is protected by the constitution and activity which is not. *Baker v. State*, 478 S.W.2d 445, 448 (Tex.Crim.App. 1972). Johnson's argument is without merit. While the flag burning did occur during a political protest rally, the statute in no way prohibited legitimate protest activities.

Johnson further urges that the statute violates his rights to free speech under the

First and Fourteenth Amendments. In *Spence v. Washington*, 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974), the Supreme Court adopted a two-part analysis for flag desecration cases: the appellate court must determine, first, whether the conduct is protected under the First Amendment; and second, whether, upon the record of the given case, the interests advanced by the state are so substantial as to justify infringement of appellant's constitutional rights. *Monroe v. State Court of Fulton County*, 739 F.2d 568, 573 (11th Cir.1984).

■ Thus, we must first determine whether Johnson's act of burning the flag is constitutionally-protected free speech. On appeal, the State does not dispute this. Nonverbal expression may be a form of free speech entitled to first amendment protection. *See Spence v. Washington*, 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974) (attaching peace sign to a flag is a form of free speech); *Tinker v. Des Moines School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (wearing black armbands in school is akin to pure speech).

To determine whether Johnson's conduct is entitled to First Amendment protection, we must consider "the nature of appellant's activity combined with the factual context and environment in which it was undertaken." *Spence v. Washington*, 418 U.S. 405, 409–10, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974). If appellant shows "[a]n intent to convey a particularized message ... and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it," *Spence*, at 410–11, 94 S.Ct. at 2730, then the activity is protected speech under the First and Fourteenth Amendments. *Monroe v. State Court of Fulton County*, 739 F.2d 568, 571 (11th Cir.1984).

Here, Johnson was convicted of burning the United States flag during a public demonstration protesting the policies of President Ronald Reagan and the Republican Party during the 1984 Republican National Convention. The record reflects that Johnson and his fellow protesters participated in anti-Reagan chants and "die-ins," as well as burning the flag in front of Dallas City Hall. This suggests that Johnson intended to convey a particularized message, his dissatisfaction with the Reagan Administration's policies, and that this message was very likely to be understood by those who viewed it. *See Monroe v. State Court of Fulton County*, 739 F.2d 568, 572 (11th Cir.1984). Johnson's act was not one of "mindless nihilism." *Spence*, 418 U.S. at 410, 94 S.Ct. at 2730. Therefore, we conclude that Johnson's act of burning the flag constituted symbolic speech requiring First Amendment scrutiny.

Next, we must determine, given the record before us, whether the interests advanced by the State are so substantial as to justify infringement of Johnson's constitutional rights. The State advances two interests: preventing breaches of the peace and protection of the flag as a symbol of national unity.

The first substantial interest asserted by the State is to prevent breaches of the peace. This is a valid state interest. *Street v. New York*, 394 U.S. 576, 590–92, 89 S.Ct. 1354, 1364–65, 22 L.Ed.2d 572 (1969). Some courts have concluded that an act of flag desecration by itself is insufficient provocation to infringe upon First Amendment rights; they require objective evidence of imminent public unrest. *Monroe v. State Court of Fulton County*, 739 F.2d 568, 575 (11th Cir.1984); *Sutherland v. DeWulf*, 323 F.Supp. 740, 745 (S.D.Ill. 1971). Other courts have held that acts of flag desecration are, of themselves, so inherently inflammatory that the State may act to prevent breaches of the public peace. *Deeds v. State*, 474 S.W.2d 718, 721 (Tex. Crim.App.1971); *Radich v. Criminal Court*, 385 F.Supp. 165, 180–82 (S.D.N.Y. 1974). We choose to follow the Texas Court of Criminal Appeals in preferring the latter view. Thus, the statute is a legitimate and constitutional means of protecting the public peace.

The second substantial interest asserted by the State is the preservation of the flag as a symbol of national unity. The flag has been held to be a "unifying factor" which "facilitates a citizen's identification with his country." *Monroe*, 739 F.2d at 574. The Texas Court of Criminal Appeals has also found the flag to be a symbol of national unity. *Deeds v. State*, 474 S.W.2d 718, 720–21 (Tex.Crim.App.1971). While the State has no legitimate interest in compelling respect for the flag, *see West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943), we disagree with the Eleventh Circuit in *Monroe* and hold that the State does have a legitimate and substantial interest in protecting the flag as a symbol of national unity. Thus, we hold that section 42.09 is constitutional. Johnson's grounds of error one through eight are overruled.

In his ninth ground of error, Johnson contends that the trial court erred in instructing the jury on the law of parties. The instruction was submitted without objection. Johnson claims the instruction constituted egregious harm because there was no evidence to support this theory. To require reversal the harm must be so egregious as to have denied Johnson "a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). We must look at the degree of the harm in light of the entire jury charge, the evidence and the record as a whole. *Almanza*, 686 S.W.2d at 177.

The State's evidence showed that Johnson burned the flag by himself. The jury charge includes an application paragraph conditioning Johnson's guilt on a finding that he acted alone or as a party. The record reflects that the bulk of the State's argument was premised on Johnson's culpability as a sole actor. Thus, it is unlikely that the jury was misled by the instruction.

Johnson also claims that the instruction impermissibly shifted the burden of proof, citing *Allen v. State*, 686 S.W.2d 685 (Tex. App.—San Antonio, 1985). However, this case was decided before *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) and

might have been decided differently if analyzed under *Almanza*. Here, the evidence shows more than Johnson's guilt as a party; it shows his guilt as a sole actor. The burden of proof was not shifted, and no egregious harm occurred. Johnson's ninth ground of error is overruled.

In his grounds of error ten and eleven, Johnson alleges that the trial court erred in admitting into evidence a videotape depicting extraneous conduct of other persons and refusing to give a limiting instruction on it. The trial court admitted a videotape, Exhibit 11, consisting of police and television news films of the protest activities. News commentary was excised from the film, and the videotape was played without any sound. As a general rule, the State is allowed to show the facts and circumstances surrounding the offense, in order to put it in context before the jury. *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim.App.1979). After reviewing the videotape, we do not find it to be inherently prejudicial; we do find it to be relevant to establishing the context of the offense. *See, Maddox v. State*, 682 S.W.2d 563 (Tex. Crim.App.1985). Because the acts of other persons depicted in the videotape were part of the res gestae of Johnson's offense, no limiting instruction was required. *Archer v. State*, 607 S.W.2d 539, 542 (Tex.Crim. App.1980). Johnson's tenth and eleventh grounds of error are overruled.

In his twelfth ground of error, Johnson contends the trial court erred, during punishment, in admitting, over his objection, evidence of Johnson's prior convictions which were never disclosed to Johnson in violation of the trial court's disclosure order. However, Johnson has waived any error regarding this contention due to his failure to seek a postponement or a continuance in response to the unexpectedly offered convictions. *Lindley v. State*, 635 S.W.2d 541, 544 (Tex.Crim.App.1982). Johnson's twelfth ground of error is overruled.

In his thirteenth ground of error, Johnson complains of error in the prosecu-

tor's jury argument. During his final argument at punishment the prosecutor stated:

> And you know that he's also creating a lot of danger for a lot of people by what he does and the way he thinks. What did Mr. Walker tell you from the evidence he would have done had he been there? He would have tried to stop it. What would this man with a gun on his chest [referring to his tee-shirt's logo] and his running buddies have done to Mr. Walker if he tried to stop it.

Johnson's objection to the argument on the basis that it called for speculation and was unsupported by the evidence was overruled. To require reversal allegedly improper argument must be extreme or manifestly improper or inject new and harmful facts into the record. *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App.1982). Here, the prosecutor's argument speculated on the possibility that Johnson's conduct could have led to a breach of the peace. Because the argument did not clearly speculate that Johnson would have committed acts of violence, it is not so manifestly improper as to require reversal. Johnson's thirteenth ground of error is overruled.

In his fourteenth ground of error, Johnson again complains of improper jury argument. During punishment, the prosecutor argued:

> That when it comes to destroying and enjoying destroying the symbol of our country that is offensive and it's serious as far as every American is concerned, and when you go back into that jury room you represent each and everyone of them; and don't forget it.

Johnson's objection that the argument called for the jury to base its results on community expectations was overruled. The prosecutor further urged the jury to "consider the community effect of your verdict." Johnson's objection to this comment was also overruled. These arguments properly referred to the jury's status as representative of the community as a whole and as such were permissible as proper pleas for law enforcement. *Whit-*

*tington v. State*, 580 S.W.2d 845, 847 (Tex. Crim.App.1979). Johnson's fourteenth ground of error is overruled.

Because we find no error, we affirm the judgment of the trial court.

Affirm.