**The STATE of Texas, Appellant,**

*v.*

**Alton B. WILLIAMS, III, Appellee.**

**Nos. B14–92–00692–CR,
B14–92–00693–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1992.

I. Richard Price, Adrienne McFarland, Bryan, for appellant.

Travis B. Bryan, III, Bryan, for appellee.

Before MURPHY, CANNON and ROBERT E. MORSE, Jr. (Sitting by Designation), JJ.

## OPINION

MURPHY, Justice.

The State appeals a pre-trial ruling suppressing all evidence to be given by the arresting officer in light of the State's failure to furnish appellee a copy of the offense report. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5) (Vernon Supp.1992). In two points of error, the State argues the trial court erred in ordering it to tender the offense report to appellee and in suppressing all evidence to be given by the arresting officer. We affirm.

Appellee was charged by information, under two separate cause numbers, with driving while intoxicated and evading arrest. His attorney filed motions to suppress evidence in both cases based on lack of probable cause to arrest and illegal detention, and to suppress statements obtained in violation of appellee's rights. On April 16, 1992, the trial court began a hearing on all of these motions.

Appellee called as his first witness Officer Clay Taylor, the arresting officer. On direct examination, when questioned whether the officer had asked appellee any questions, Taylor responded that he didn't recall. The witness was then asked to refresh his memory with his offense report. The State objected, arguing that it did not have to provide the witness with a copy of the report because he was not called by the State to testify. The State objected to the witness refreshing his memory with the report because Rule 611 of the Rules of Criminal Evidence would have allowed appellee to inspect the report.[1] The State maintained throughout the hearing that the offense report was not discoverable because article 39.14 of the Code of Criminal Procedure does not authorize its discovery.[2]

---

1. TEX.R.CRIM.EVID. 611 provides in part that "[i]f a witness uses a writing to refresh his memory for the purpose of testifying either while testifying or before testifying, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portion not so related, and order delivery of the remainder.... If a writing is not produced or delivered pursuant to an order under this rule, the court shall make any order justice requires, except that when the

prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial."

2. TEX.CODE CRIM.PROC.ANN. art. 39.14 (1979) provides in part that "[u]pon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial ... to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant (except written statements of witnesses and except the work product of counsel in the case

The court then instructed the officer to return to his office and refresh his memory with the offense report during the lunch recess. After the recess, the State agreed to suppress any statements that were not admissible pursuant to article 38.22 and stated that appellee's motion was now moot.[3]

Appellee objected because he would then be required to rely on the State's opinion as to whether a statement was the result of interrogation, rather than having the court make that determination after hearing the circumstances surrounding the statement. The court recessed the hearing until May 15, 1992.

When the hearing resumed, the trial court announced it was conducting a *Jackson v. Denno* hearing on appellee's motion to suppress statements based on lack of voluntariness. *See Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (confession or admission cannot be used until trial judge determines at separate hearing outside jury's presence confession or admission voluntarily made); *See also* TEX.CODE CRIM.PROC.ANN. art. 38.22 § 6 (Vernon 1979). The court ordered that appellee's counsel was entitled to see the officer's offense report. The State continued to object, and suggested that the hearing be halted and an appeal taken. The court then ordered all evidence from Officer Taylor suppressed, absent the State furnishing a copy of the offense report to appellee.

The State's first point of error alleges the trial court erred in ordering the State to tender a copy of the police report to appellee for review. We find the trial court was within its discretion to order discovery of the offense report under the facts of this case.

There is no general right under the United States Constitution to discovery by a defendant in a criminal case of evidence in possession of the State; however the Code of Criminal Procedure makes it clear that the decision on what is discoverable is committed to the discretion of the trial court. TEX.CODE CRIM.PROC.ANN. art. 39.14 (Vernon 1979); *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex.Crim.App.1990); *Siegel v. State*, 814 S.W.2d 404, 407 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). The standard for determining if the court abused its discretion is whether the evidence sought is material to the defense of the accused. *Hall v. State*, 711 S.W.2d 108, 113 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd); *See also Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). To gain discovery, an appellant must show good cause, materiality and possession by the State. *Lerma v. State*, 632 S.W.2d 893, 896 (Tex.App.—Corpus Christi 1982, pet. ref'd).

The trial judge is the sole trier of facts and judge of the credibility of witnesses on a pretrial motion to suppress. *Id.; Freeman v. State*, 723 S.W.2d 727, 733 (Tex.Crim.App.1986). The determination of whether a confession is voluntary must be based upon an examination of the totality of the circumstances surrounding its acquisition. *Dunn v. State*, 721 S.W.2d 325, 336 (Tex.Crim.App.1986).

The court was unable to proceed with its hearing to determine the circumstances surrounding any statements made by appellant without production of the police report. Clearly, a copy of the offense report was material to the circumstances surrounding any statements made by appellee at the time of his arrest, and the report was in possession of the State and its

---

and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies."

3. TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979 & Supp.1992) provides when statements of an accused may be used. Generally, a written

statement as a result of custodial interrogation is inadmissible unless the statement shows on its face that the accused received a magistrate's warning of his rights and that he knowingly, intelligently and voluntarily waived those rights. The article also provides for the limited circumstances when oral statements may be admissible and outlines the procedure for a hearing outside the jury's presence to determine the voluntariness of an accused's statement.

agent. Good cause for its discovery was shown by the officer's inability to recall the details surrounding appellee's arrest. If the State believed that portions of the report were not relevant to the hearing, it could have been offered for *in camera* inspection with portions of the report deleted. However, in our opinion, a complete refusal to tender the report in the face of a direct order from the trial court warranted imposition of sanctions.

The State's argument that police reports are *never* discoverable is inconsistent with its acknowledgement that under Rule 611, it would be required to allow appellee to review the report and cross-examine the officer from it. While Rule 611 technically does not apply because appellee had called the officer as a witness on direct examination, we find that the provisions of the rule apply equally in a case where a party has called an adverse witness who is unable to recall the requested information without refreshing his recollection. Allowing the officer not to answer appellee's questions because he could not recall, and then to prohibit the officer from refreshing his memory with his offense report defeats the interests of justice. Therefore, we find the trial court did not abuse its discretion in ordering the State to tender a copy of the police report to defense counsel. We overrule the State's first point of error.

The State's second point of error claims that the trial court erred in suppressing all evidence flowing from Officer Taylor. We find that this order was within the trial court's discretion.

Rule 611 provides that if the rule is violated, the trial court may impose as sanctions "any order justice requires." If the prosecution has violated the rule, the court *shall* strike the testimony, or order a mistrial. A mistrial is not appropriate in a pretrial hearing. Therefore, we find the court's order striking testimony and all evidence from the officer as long as the offense report is not provided to appellee was not an abuse of discretion. We overrule the State's second point of error.

We affirm the order of the trial court.

