**John Fitzgerald SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–208 CR.**

Court of Appeals of Texas, Beaumont.

Submitted March 9, 1998.

Decided March 25, 1998.

James A. DeLee, Port Arthur, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

WALKER, Chief Justice.

John Fitzgerald Smith appeals from a conviction for aggravated robbery, where the jury found Smith to be a repeat offender and sentenced him to thirty years of imprisonment in the Texas Department of Criminal Justice, Institutional Division. The sole point of error presents the issue: "Whether the State's jury argument induced the jury to assess punishment based on community desire or expectation so as to prevent Appellant from having a fair trial."

 Proper jury argument falls into four categories: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) response to opposing counsel's argument,

and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App. 1973). An improper argument based upon community expectations has been rather eloquently expressed as "asking the jury to lend an ear to the community rather than a voice." *Prado v. State*, 626 S.W.2d 775, 776 (Tex. Crim.App.1982).

■ Defense counsel objected to two statements made by the prosecutor during her closing arguments to the jury on punishment:

[D]o you remember when there was a time when kids could ride their bikes in the streets? There was a time when kids could go to the store for their moms. They could ride their bikes. Parents would let their kids go visit the next door neighbor. Because of this man and people like him, parents can't do that anymore. Parents can't even go to a convenience store—

\* \* \*

[T]hat's what you're here for, to punish. You've got to make his sentence tough enough that he is punished and he knows he cannot get away with this in Jefferson County. Because as you notice, he stays in this county. He keeps committing these crimes in this county.

Ladies and gentlemen, it's your job to protect society, to keep us safe, to keep your children safe from people like him—

Cases holding an argument impermissibly pressured a jury to assess punishment to meet the expectations of the community invariably refer directly to the demands or expectations of the community for a particular verdict. Examples of improper demands to meet community expectations include: "Now, the only punishment that you can assess that would be any satisfaction at all to the people of this county would be life [imprisonment]." *Cortez v. State*, 683 S.W.2d 419, 420 (Tex.Crim.App.1984); "So I ask you, this is a hard decision that you have to make, but I will tell you on behalf of the State of Texas, an aggravated sexual assault such as this, probation is not what this community and what the State would want." *Mata v. State*, 952 S.W.2d 30, 33(Tex.App.—San Antonio 1997, no pet.).

■ On the other hand, a reference to the community which asks the jury to represent the community is a plea for law enforcement which does not exceed the bounds of proper argument. Included within this category are such arguments as: "I am asking you to enforce it. I'm asking you to do what needs to be done to send these type of people a message to tell them we're not tolerating this type of behavior in our county." *Goocher v. State*, 633 S.W.2d 860, 864 (Tex.Crim.App. 1982); "... I think you will want to give them an answer you can be proud of, that your friends and neighbors can be proud of." *Whittington v. State*, 580 S.W.2d 845, 847(Tex.Crim.App.1979); "You know, you're here because you have been chosen by the community to make the decision, and that's it ....—don't send a message to the community that you're going to believe—" *Barcenes v. State*, 940 S.W.2d 739, 749 (Tex.App.—San Antonio 1997, pet. ref'd); "[J]urors are sick and tired of this. Jurors are tired of crime because jurors such as yourself are members of the community you represent. You represent the community." *Caballero v. State*, 919 S.W.2d 919, 924 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd); "You give this man exactly what he deserves and what the victims in this case, or the victim's next of kin and loved ones, deserve, for this man to serve a life sentence. It's only proper, and *it serves the interest of this community as a whole.*" *Alexander v. State*, 919 S.W.2d 756, 764 (Tex.App.—Texarkana 1996, no pet.); "[I]f you want to find somebody like this innocent of the charge, you may do it, but you will have to explain your actions to the community." *Goff v. State*, 794 S.W.2d 126, 127 (Tex.App.—Austin 1990, pet. ref'd); "A jury verdict in a murder case speaks for this community. You're saying: What will Travis County tolerate? What does Travis County think human life is worth?" *Bell v. State*, 774 S.W.2d 371, 375 (Tex.App.—Austin 1989, pet. ref'd); "Probation, in this case, members of the jury, would be a slap on the wrist to the Defendant, would be a slap in the face to law enforcement in this community." *Lugo v. State*, 732 S.W.2d 662, 665 (Tex.App.— Corpus Christi 1987, no pet.); "That when it comes to destroying and enjoying destroying the symbol of our country that is offensive

and it's serious as far as every American is concerned, and when you go back into that jury room you represent each and everyone of them; and don't forget it," and "consider the community effect of your verdict." *Johnson v. State,* 706 S.W.2d 120, 125 (Tex.App.—Dallas 1986), *reversed on other grounds,* 755 S.W.2d 92 (Tex.Crim.App.1988), *affirmed by Texas v. Johnson,* 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989); "If you find Geary Rushton not guilty, then you're telling me, you're telling everybody in this courtroom, you're telling everybody in this community, that if a guy spends the night with a girl, sleeps with her, maybe lives with her and then finds out there's some kind of mistake and split it off, then he has a license and he can force her to have sex any time he wants." *Rushton v. State,* 694 S.W.2d 367, 370 (Tex.App.—Corpus Christi 1985, no pet.).

The State's jury argument did not unequivocally refer to community expectations of a particular punishment. Read in context, both arguments were clearly pleas for law enforcement. The trial court did not err in overruling Smith's objections to the arguments. We overrule the point of error. The judgment and sentence of the trial court are affirmed.

AFFIRMED.