11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert Nunez

Appellant

Vs.                   No.
11-01-00135-CR  -- Appeal from Palo
Pinto County

State of Texas

Appellee

 

The jury
convicted Robert Nunez of a first degree felony offense, delivery of more than
4 grams but less than 200 grams of methamphetamine.  After he pleaded Atrue@ to the allegation of one prior felony
conviction, the jury assessed his punishment at confinement for life and a fine
of $10,000.   We affirm.

                                                                  Issue
Presented

Appellant
presents only one issue for appellate review under TEX.R.APP.P. 38.1(e).  That issue reads in full as shown:

The State
engaged in improper jury argument during the guilt/innocence phase of the
appellant=s trial.

 

                                                                Background
Facts

There were
only five witnesses during the guilt/innocence phase of trial.  The State=s first witness was Rodney Price, a certified peace officer who served
as a field supervisor for the narcotics task force.  He testified about the Acontrolled buy@ from
appellant of methamphetamine by a confidential informant named Sharilyn
Doyle.  Doyle was the State=s second witness, and she testified that she
purchased Aa quarter of an ounce@ of methamphetamine from appellant for $550
on May 25, 2000.  She was wearing a
recording device during that transaction, and the recording was heard by the
jury.  The other three witnesses were
used to prove the chain of custody of the contraband which the informant
purchased from appellant and to prove that the contraband was methamphetamine
which weighed 5.97 grams.








                                                             Controlling
Authorities

Appellant
cites Harris v. State, 784 S.W.2d 5, 12-13 (Tex.Cr.App.1989), and Cortez v.
State, 683 S.W.2d 419, 420-21 (Tex.Cr.App.1984), to support his claim that the
State engaged in improper jury argument. 
First, we note that there was no objection and that the complaint has
not been preserved for appellate review. 
See TEX.R.APP.P. 33.1.  More
importantly, we hold that the argument was not improper.

In Harris
and Cortez, the Court of Criminal Appeals states the rule that a jury
argument which refers to the Aexpectations or demands of the community@ is error.  The State=s argument in the case before us did not
refer to the Aexpectations or demands of the community.@  The
portion of the State=s
argument which is discussed in appellant=s brief reads in full as shown:

Let me
tell you folks something.  You have the
opportunity to send out a message to this county.  And the people that come into this county and the people that are
a part of this county that want to come in here and do this kind of stuff, say,
if you bring it over here, we=re going to convict you.  If you
bring it into this county, you come before this court, we=re going to convict you.  Okay. 
It=s very simple.

 

The
argument in the case before us was a plea for law enforcement.  The prosecutor was not asking the jury Ato lend an ear@ to community expectations; he was asking the jury to Asend a message@ to the community.  As the court
said in Smith v. State, 966 S.W.2d 111, 112 (Tex.App. - Beaumont 1998, pet=n ref=d):

Cases
holding an argument impermissibly pressured a jury to assess punishment to meet
the expectations of the community invariably refer directly to the demands
or expectations of the community for a particular verdict.

 

                                                            *   *  
*

 

On the
other hand, a reference to the community which asks the jury to represent the
community is a plea for law enforcement which does not exceed the bounds of
proper argument.  Included within this category are such
arguments as:  AI am asking you...to send...a message to tell
them we=re not tolerating this type of behavior in
our county.@ 
(Emphasis added) 

  








See also Goocher v.
State, 633 S.W.2d 860 (Tex.Cr.App.1982), where the Court of Criminal Appeals
affirmed a conviction in a case where the trial court overruled an objection to
the State=s jury argument which asked the jury Ato send...a message to tell them we=re not tolerating this type of behavior in
our county.@  The
sole issue presented for appellate review is overruled.

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

October 25, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.