MARY'S OPINION HEADING 








NO. 12-10-00151-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

DAKOTA
CRUTCHFIELD,                                    §                      APPEAL
FROM THE 173RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Appellant,
Dakota Crutchfield, pleaded guilty to the offense of placing a serial number on
a vehicle with intent to change the identity of the vehicle, a third degree
felony.  Appellant pleaded true to the second enhancement allegation contained
in the indictment.  The appropriate punishment range was that provided for a
second degree felony.  The trial on punishment was to a jury, who assessed his
punishment at imprisonment for seventeen years.  Appellant presents seven
issues on appeal.  We affirm.

 

Background

            Mr.
Dana Bell told Appellant he wanted to buy a trailer, suitable for hauling his
big tractor.  Appellant brought just such a trailer to Bell’s home, offered to
sell it for $750, and told Bell to keep it for two or three days to be sure it
was suitable.  Bell thought the trailer was so underpriced that he feared it
might be stolen.  Bell contacted Sergeant Richard Fulton of the Texas
Department of Public Safety Auto Task Force.  Sergeant Fulton came to Bell’s
home and, by checking the trailer’s serial number through NCIC (national
criminal information data base), determined that the trailer was stolen.  While
Sergeant Fulton was still at the Bell house, Appellant drove up in a Dodge
pickup pulling a large cargo trailer.  Sergeant Fulton examined the vehicle identification
numbers (VIN) of those vehicles.  Both, it developed, had been stolen.  Inside
the vehicle, Sergeant Fulton located several VIN plates belonging to
construction equipment.  Sergeant Fulton also located several counterfeit certificates
of origin for vehicles.

            The
following day, Sergeant Fulton executed a search warrant at Appellant’s home. 
The search disclosed several vehicles with VINs that had been tampered with or
removed.

 

 Prior Bad Acts

            In
his first issue, Appellant contends the trial court “erred by admitting prior
bad acts and extraneous offenses.”

Standard
of Review

            A
trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).  A trial court does not abuse its discretion as long as its decision to
admit or exclude evidence is within the “zone of reasonable disagreement.”  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

Applicable
Law

            Appellant
pleaded guilty to the offense.  The sole task of the jury was the assessment of
punishment.  Texas Code of Criminal Procedure, Article 37.07 provides in
pertinent part, as follows:

 

Regardless of the plea and
whether the punishment is to be assessed by the judge or the jury, evidence may
be offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by the evidence to have been committed by the defendant or for which he
could be held criminally responsible, regardless of whether he has previously
been charged with or finally convicted of the crime or act.

 

 

Tex. Code Crim. Proc. Ann.
art. 37.07 § 3(a)(1).       Although the code of criminal procedure
specifically excludes the application of Texas Rules of Evidence 404 and 405,
it does not exclude the application of Rule 403, which provides, as follows:

 

Although relevant, evidence may
be excluded if its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence.

 

 

Tex. R. Evid. 403.

Discussion

            Appellant
complains generally that the trial court erred in admitting evidence of prior
acts and extraneous offenses during the punishment phase of his trial.  In his
brief, Appellant has provided an extended general disquisition on the
application of Rules 403, 404, and 405, most of which is not germane to the
punishment phase of trial.  However, he fails to specify the particular bad
acts or extraneous offenses he claims inadmissible or provide any record
references to their admission over his objection.  In the absence of record
references to the asserted errors accompanied by citation of authority
appropriate to each, Appellant’s complaint on this issue is waived.  See
Tex. R. App. P. 38.1(i); see
also Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992).

            We
have, however, read the record and noted Appellant’s objections to the
admission of extraneous offenses or other bad acts on the ground that they were
more prejudicial than probative.  In each case, evidence of the offense was
relevant to the jury’s determination of punishment.  The probative value of the
evidence was not substantially outweighed by its unfairly prejudicial effect. 
Appellant’s first issue is overruled.

 

Proof  of Extraneous Offenses and Other Bad Acts
Beyond Reasonable Doubt

            In
his second issue, Appellant insists “the evidence is legally and factually
insufficient to support the finding of extraneous offenses and bad acts beyond
reasonable doubt.”

            Article
37.07(3)(a) of the Texas Code of Criminal Procedure provides that “evidence may
be offered . . . as to any matter the court deems relevant to sentencing,
including . . . any other evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by the evidence to have been committed by the
defendant or for which he could be held criminally responsible. . . .”  Tex. Code Crim. Proc. Ann. art.
37.07(3)(a).

            The
record is replete with evidence of numerous extraneous offenses and other bad
acts.  Appellant, however, has not specified which offense or offenses
attributed to Appellant were not proven beyond a reasonable doubt, nor has he
provided any record references where they might be found or appropriate
citations to authority.  Appellant’s complaint on this issue is waived.  Tex. R. App. P. 38.1(i); see also Vuong
v. State, 830 S.W.2d at 940.  Accordingly, Appellant’s second issue is
overruled.

 

Denial of Pretrial Motion for Discovery

            In
his third issue, Appellant maintains the trial court erred in denying his
pretrial motion for discovery requesting to inspect, examine, and analyze the
physical evidence held by the State.

            The
standard of review for a trial court’s denial of discovery in a criminal case
is abuse of discretion.  State v. Williams, 846 S.W.2d 408, 410          (Tex.
App.–Houston [14th Dist.] 1992, pet. ref’d).  The trial court must allow
discovery of evidence that is shown to be material to the defense.  McBride
v. State, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992).  Before a
defendant is entitled to discovery, he must show (1) good cause, (2)
materiality, and (3) possession by the State of the information or items.  Medina
v. State, 986 S.W.2d 733, 737 (Tex. App.–Amarillo 1999, pet. ref’d).

            The
trial court granted the defense request for an investigator who attempted to
inspect the Dodge Ram truck that Appellant had driven and whose VIN had been
removed.  However, the truck had already been returned to its rightful owner in
Colorado before the hearing on Appellant’s pretrial motion for inspection of
the vehicle.  The State no longer possessed the truck Appellant sought to
inspect.  The trial court did not err in denying the motion.  Appellant’s third
issue is overruled.

 

Jurisdiction and Venue

            Appellant
contends in his fourth issue that the evidence is insufficient to show the
trial court had jurisdiction or that venue was proper.  In the same issue,
Appellant argues the evidence is insufficient to show that the extraneous
offenses and bad acts occurred in Henderson County, Texas.

            Appellant
pleaded guilty to the indictment charging that he committed the offense in the
County of Henderson, State of Texas, thereby admitting that jurisdiction and
venue were proper in Henderson County, Texas.  Appellant’s fourth issue is
overruled.

 

Jury Argument

            Appellant
complains the following jury argument was improper:

 

What you can do is put Mr.
Crutchfield in a situation that he’s not able to steal people’s property. 
That’s going to be the only assurance you can provide the community at this
point in time, that Mr. Crutchfield’s not going to be out stealing their
property.  

 

And this is a situation that you,
as the guardians of the community, you can do something to prevent this
defendant from committing crimes.  

 

 

 

Appellant
argues that the argument asked the jury to place themselves in the shoes of the
victim and to send a message on behalf of the community.

            Appellant
did not object to the argument when it was made; therefore nothing is preserved
for review. See Threadgill v. State, 146 S.W.3d 654, 670
(Tex. Crim. App. 2004).  Moreover, we do not believe the argument
improper.  The prosecutor did not tell the jury what the community “wants,”
“desires,” “requires,” or “expects.”  See Cortez v. State,
683 S.W.2d 419, 421 (Tex. Crim. App. 1984).  The argument was a proper plea for
law enforcement.  See Smith v. State, 966 S.W.2d 111, 112 (Tex.
App.–Beaumont 1998, pet. ref’d).  Appellant’s fifth issue is overruled.

 

Cruel and Unusual Punishment

            In
his sixth issue, Appellant maintains the trial court erred in not granting his
“motion for judgment notwithstanding the verdict on the basis of cruel and
unusual punishment, and on the basis that the sentence was grossly
disproportionate to the severity of the offense.”

            The
trial court was without authority to grant judgment notwithstanding the verdict,
the relief requested in Appellant’s motion.  State v. Savage, 933
S.W.2d 497, 499 (Tex. Crim. App. 1996).  Article 42 of the Texas Code of
Criminal Procedure requires that the judgment of the court reflect either “the
verdict or verdicts of the jury” in a jury trial or the “finding or findings of
the court” in a bench trial.  Tex. Code
Crim. Proc. Ann. art. 42.01 § 1(7) (Vernon Supp. 2010).

            Punishments
assessed within the statutory limits are not cruel and unusual.  See, e.g.,
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). 
However, a very narrow exception exists.  In 1983, in Solem v. Helm,
the United States Supreme Court held that the Eighth Amendment prohibited
“disproportionate prison sentences.”  Solem v. Helm, 463 U.S.
277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983).  In reviewing the
sentence, the court must first compare the gravity of the offense against the
severity of the sentence.  McGruder v. Puckett, 954 F.2d 313, 316
(5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed 2d 98
(1992).  The gravity of the offense is measured by the harm caused or
threatened to the victim or society, and the culpability of the offender.  Moore
v. State, 54 S.W.3d 529, 542 (Tex. App.–Fort Worth 2001, pet. ref’d). 
Only upon a determination that the sentence is grossly disproportionate does
the court consider the remaining Solem factors.  See id. 
The other Solem factors are “the sentences imposed on other
criminals in the same jurisdiction and sentences imposed for the same offense
in other jurisdictions.”  Solem, 463 U.S. at 292, 103 S. Ct. at
3011.

            Appellant’s
sentence was within the statutory limits.  Given the nature of the offense and
Appellant’s criminal history, Appellant’s sentence was not grossly
disproportionate.  Appellant’s sixth issue is overruled.

 

Reasonable Doubt Instruction Regarding Extraneous
Offenses

            In
his seventh issue, Appellant contends the trial court reversibly erred in
“failing to include a reasonable doubt instruction for extraneous offenses.”

            At
punishment, a defendant is entitled, without request, to have the jury receive
a reasonable doubt instruction regarding extraneous offenses.  Huizar v.
State, 12 S. W. 3d 479, 484 (Tex. Crim. App. 2000).  Therefore, it is
error if the trial court fails to instruct the jury sua sponte.  Id.

            Although
Appellant need not have objected at trial to preserve error, the failure to
object increases Appellant’s burden.  If the charge error is the subject of a
timely objection, reversal is required if there is some harm to the accused
from the error.  Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984).  If, however, no proper objection was made at trial,
Appellant will obtain reversal only if the error is so egregious and created
such harm that he “has not had a fair and impartial trial.”  Id.

            Egregious
harm exists when the defendant’s rights are injured to the point that he was
denied a fair and impartial trial when the error (1) went to the very basis of
the case; (2) denied the defendant a valuable right; or (3) vitally affected
his defensive theory.  Id. at 172.  This degree of harm “must be
assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument
of counsel, and any other relevant information revealed by the record of the
trial as a whole.”  Id. at 171.

            Appellant
points to no specific bad act or extraneous offense for which the proof was
doubtful.  He simply argues he was egregiously harmed.  The proof of the
various extraneous offenses or bad acts introduced was uncontradicted. 
Appellant suffered no egregious harm.  Appellant’s seventh issue is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

Bill Bass

    
Justice

 

 

Opinion delivered June 15, 2011.

Panel
consisted of Worthen, C. J., Griffith, J., and Bass, Retired J., Twelfth Court
of Appeals, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)