# NO. 12-10-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAKOTA CRUTCHFIELD,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Dakota Crutchfield, pleaded guilty to the offense of placing a serial number on a vehicle with intent to change the identity of the vehicle, a third degree felony. Appellant pleaded true to the second enhancement allegation contained in the indictment. The appropriate punishment range was that provided for a second degree felony. The trial on punishment was to a jury, who assessed his punishment at imprisonment for seventeen years. Appellant presents seven issues on appeal. We affirm.

## BACKGROUND

Mr. Dana Bell told Appellant he wanted to buy a trailer, suitable for hauling his big tractor. Appellant brought just such a trailer to Bell's home, offered to sell it for $750, and told Bell to keep it for two or three days to be sure it was suitable. Bell thought the trailer was so underpriced that he feared it might be stolen. Bell contacted Sergeant Richard Fulton of the Texas Department of Public Safety Auto Task Force. Sergeant Fulton came to Bell's home and, by checking the trailer's serial number through NCIC (national criminal information data base), determined that the trailer was stolen. While Sergeant Fulton was still at the Bell house, Appellant drove up in a Dodge pickup pulling a large cargo trailer. Sergeant Fulton examined

the vehicle identification numbers (VIN) of those vehicles. Both, it developed, had been stolen. Inside the vehicle, Sergeant Fulton located several VIN plates belonging to construction equipment. Sergeant Fulton also located several counterfeit certificates of origin for vehicles.

The following day, Sergeant Fulton executed a search warrant at Appellant's home. The search disclosed several vehicles with VINs that had been tampered with or removed.

## PRIOR BAD ACTS

In his first issue, Appellant contends the trial court "erred by admitting prior bad acts and extraneous offenses."

### Standard of Review

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). A trial court does not abuse its discretion as long as its decision to admit or exclude evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

### Applicable Law

Appellant pleaded guilty to the offense. The sole task of the jury was the assessment of punishment. Texas Code of Criminal Procedure, Article 37.07 provides in pertinent part, as follows:

> Regardless of the plea and whether the punishment is to be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by the evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1). Although the code of criminal procedure specifically excludes the application of Texas Rules of Evidence 404 and 405, it does not exclude the application of Rule 403, which provides, as follows:

2

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

TEX. R. EVID. 403.

**Discussion**

Appellant complains generally that the trial court erred in admitting evidence of prior acts and extraneous offenses during the punishment phase of his trial. In his brief, Appellant has provided an extended general disquisition on the application of Rules 403, 404, and 405, most of which is not germane to the punishment phase of trial. However, he fails to specify the particular bad acts or extraneous offenses he claims inadmissible or provide any record references to their admission over his objection. In the absence of record references to the asserted errors accompanied by citation of authority appropriate to each, Appellant's complaint on this issue is waived. *See* TEX. R. APP. P. 38.1(i); *see also* **Vuong v. State**, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992).

We have, however, read the record and noted Appellant's objections to the admission of extraneous offenses or other bad acts on the ground that they were more prejudicial than probative. In each case, evidence of the offense was relevant to the jury's determination of punishment. The probative value of the evidence was not substantially outweighed by its unfairly prejudicial effect. Appellant's first issue is overruled.

### PROOF OF EXTRANEOUS OFFENSES AND OTHER BAD ACTS BEYOND REASONABLE DOUBT

In his second issue, Appellant insists "the evidence is legally and factually insufficient to support the finding of extraneous offenses and bad acts beyond reasonable doubt."

Article 37.07(3)(a) of the Texas Code of Criminal Procedure provides that "evidence may be offered . . . as to any matter the court deems relevant to sentencing, including . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by the evidence to have been committed by the defendant or for which he could be held criminally responsible. . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(a).

The record is replete with evidence of numerous extraneous offenses and other bad acts. Appellant, however, has not specified which offense or offenses attributed to Appellant were not

3

proven beyond a reasonable doubt, nor has he provided any record references where they might be found or appropriate citations to authority. Appellant's complaint on this issue is waived. TEX. R. APP. P. 38.1(i); *see also* **Vuong v. State**, 830 S.W.2d at 940. Accordingly, Appellant's second issue is overruled.

## DENIAL OF PRETRIAL MOTION FOR DISCOVERY

In his third issue, Appellant maintains the trial court erred in denying his pretrial motion for discovery requesting to inspect, examine, and analyze the physical evidence held by the State.

The standard of review for a trial court's denial of discovery in a criminal case is abuse of discretion. **State v. Williams**, 846 S.W.2d 408, 410 (Tex. App.–Houston [14th Dist.] 1992, pet. ref'd). The trial court must allow discovery of evidence that is shown to be material to the defense. **McBride v. State**, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992). Before a defendant is entitled to discovery, he must show (1) good cause, (2) materiality, and (3) possession by the State of the information or items. **Medina v. State**, 986 S.W.2d 733, 737 (Tex. App.–Amarillo 1999, pet. ref'd).

The trial court granted the defense request for an investigator who attempted to inspect the Dodge Ram truck that Appellant had driven and whose VIN had been removed. However, the truck had already been returned to its rightful owner in Colorado before the hearing on Appellant's pretrial motion for inspection of the vehicle. The State no longer possessed the truck Appellant sought to inspect. The trial court did not err in denying the motion. Appellant's third issue is overruled.

## JURISDICTION AND VENUE

Appellant contends in his fourth issue that the evidence is insufficient to show the trial court had jurisdiction or that venue was proper. In the same issue, Appellant argues the evidence is insufficient to show that the extraneous offenses and bad acts occurred in Henderson County, Texas.

Appellant pleaded guilty to the indictment charging that he committed the offense in the County of Henderson, State of Texas, thereby admitting that jurisdiction and venue were proper

4

in Henderson County, Texas.  Appellant's fourth issue is overruled.

## JURY ARGUMENT

Appellant complains the following jury argument was improper:

> What you can do is put Mr. Crutchfield in a situation that he's not able to steal people's property. That's going to be the only assurance you can provide the community at this point in time, that Mr. Crutchfield's not going to be out stealing their property.

> And this is a situation that you, as the guardians of the community, you can do something to prevent this defendant from committing crimes.

Appellant argues that the argument asked the jury to place themselves in the shoes of the victim and to send a message on behalf of the community.

Appellant did not object to the argument when it was made; therefore nothing is preserved for review. *See **Threadgill v. State***, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004). Moreover, we do not believe the argument improper.  The prosecutor did not tell the jury what the community "wants," "desires," "requires," or "expects."  *See **Cortez v. State***, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984).  The argument was a proper plea for law enforcement.  *See **Smith v. State***, 966 S.W.2d 111, 112 (Tex. App.–Beaumont 1998, pet. ref'd).  Appellant's fifth issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In his sixth issue, Appellant maintains the trial court erred in not granting his "motion for judgment notwithstanding the verdict on the basis of cruel and unusual punishment, and on the basis that the sentence was grossly disproportionate to the severity of the offense."

The trial court was without authority to grant judgment notwithstanding the verdict, the relief requested in Appellant's motion.  ***State v. Savage***, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996).  Article 42 of the Texas Code of Criminal Procedure requires that the judgment of the court reflect either "the verdict or verdicts of the jury" in a jury trial or the "finding or findings of the court" in a bench trial.  TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(7) (Vernon Supp. 2010).

Punishments assessed within the statutory limits are not cruel and unusual.  *See, e.g.,*

*Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). However, a very narrow exception exists. In 1983, in *Solem v. Helm*, the United States Supreme Court held that the Eighth Amendment prohibited "disproportionate prison sentences." *Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983). In reviewing the sentence, the court must first compare the gravity of the offense against the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed 2d 98 (1992). The gravity of the offense is measured by the harm caused or threatened to the victim or society, and the culpability of the offender. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.– Fort Worth 2001, pet. ref'd). Only upon a determination that the sentence is grossly disproportionate does the court consider the remaining *Solem* factors. *See id*. The other *Solem* factors are "the sentences imposed on other criminals in the same jurisdiction and sentences imposed for the same offense in other jurisdictions." *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011.

Appellant's sentence was within the statutory limits. Given the nature of the offense and Appellant's criminal history, Appellant's sentence was not grossly disproportionate. Appellant's sixth issue is overruled.

### REASONABLE DOUBT INSTRUCTION REGARDING EXTRANEOUS OFFENSES

In his seventh issue, Appellant contends the trial court reversibly erred in "failing to include a reasonable doubt instruction for extraneous offenses."

At punishment, a defendant is entitled, without request, to have the jury receive a reasonable doubt instruction regarding extraneous offenses. *Huizar v. State*, 12 S. W. 3d 479, 484 (Tex. Crim. App. 2000). Therefore, it is error if the trial court fails to instruct the jury sua sponte. *Id.*

Although Appellant need not have objected at trial to preserve error, the failure to object increases Appellant's burden. If the charge error is the subject of a timely objection, reversal is required if there is some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). If, however, no proper objection was made at trial, Appellant will obtain reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial." *Id.*

Egregious harm exists when the defendant's rights are injured to the point that he was

6

denied a fair and impartial trial when the error (1) went to the very basis of the case; (2) denied the defendant a valuable right; or (3) vitally affected his defensive theory. *Id*. at 172. This degree of harm "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.* at 171.

Appellant points to no specific bad act or extraneous offense for which the proof was doubtful. He simply argues he was egregiously harmed. The proof of the various extraneous offenses or bad acts introduced was uncontradicted. Appellant suffered no egregious harm. Appellant's seventh issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

### BILL BASS
Justice

Opinion delivered June 15, 2011.
*Panel consisted of Worthen, C. J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)